**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| HONGKONG CORENEX TECHNOLOGY CO., LIMITED, | Civil Action No.: 7:23-cv-1577 |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| KEY DIGITAL SYSTEMS, INC., | |
| Defendant. | |

Plaintiff Hongkong Corenex Technology Co., Limited ("HK Corenex" or "Plaintiff") by its undersigned counsel and for its complaint against Defendant Key Digital Systems, Inc. ("Key Digital" or "Defendant"), alleges as follows:

**INTRODUCTION**

1.     This action arises out of Key Digital's breach and default under a Convertible Note Purchase Agreement between Key Digital and HK Corenex, dated November 12, 2019 (the "Convertible Agreement"), and a Convertible Promissory Note (the "Convertible Note"), also dated November 12, 2019, between Key Digital and HK Corenex in the principal amount of one million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23) (the "Convertible Note").  Attached as **Exhibit 1** is a true and correct copy of the Convertible Agreement.  Attached as **Exhibit 2** is a true and correct copy of the Convertible Note.

2.     Key Digital has failed to make any installment payments to HK Corenex on the Convertible Note and is presently in default of its duties and obligations under the Convertible Agreement and Convertible Note.

3. As a result of Key Digital's default and failure to perform its duties and obligations, HK Corenex exercised its rights under the Convertible Note to accelerate the balance owed on the Convertible Note.

4. Key Digital has caused HK Corenex to suffer substantial financial loss and damage in an amount that is no less than one million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23), plus interest, costs and attorneys' fees.

## THE PARTIES

5. HK Corenex is a foreign technology company organized and existing under the laws of Hong Kong with its offices at 12/F San Toi Building 137-139 Connaught Road, Central, Hong Kong.

6. Key Digital is a domestic corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 521 East Third Street, Mount Vernon, New York, New York 10553.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because Plaintiff is a citizen of Hong Kong, a foreign state; Defendant is a citizen of New York state; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant, because Defendant is domestic corporation organized and existing under the laws of the State of New York and maintains its principal place of business within the Southern District of New York.

9. Venue is proper in this District under 28 U.S.C. §1391(b)(1) because Defendant resides in this District, 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions

giving rise to the claims set forth herein occurred in this District, and 28 U.S.C. §1391(b)(3) because Defendant is subject to personal jurisdiction in this District.

## **FACTUAL BACKGROUND**

10.    HK Corenex repeats and realleges the allegations contained in Paragraphs 1 through 9 herein with the same force and effect as if fully set forth herein.

11.    On or about November 12, 2019, HK Corenex and Key Digital entered into the Convertible Agreement to "purchase one or more convertible promissory notes in exchange for two million dollars ($2,000,000.00) in cash and trade credits." *See* **Exhibit 1**, p. 1.  The convertible promissory notes purchased pursuant to the Convertible Agreement provided HK Corenex the option to convert the promissory notes "into equity of a to-be-formed wholly-owned limited liability subsidiary" of Key Digital to which Key Digital would "transfer all or substantially all of its material assets and liabilities (including such convertible notes) at the time of conversion," or, if HK Corenex declined its option, then the convertible promissory notes were to be repaid in accordance with the terms of the convertible promissory notes.  *Id.*

12.    Each convertible promissory note had "a principal balance equal to that portion of the Consideration actually paid (each such payment, an 'Installment')" by HK Corenex, and Key Digital "unconditionally promise[d] to pay [HK Corenex] each Installment" in accordance with the parties' payment schedule.  *See* **Exhibit 1**, Sections 2.2 and 2.3.

13.    Pursuant to the Convertible Agreement, HK Corenex had the option to, upon notice, designate a Repayment Commence Date, which designation triggered repayment of any convertible promissory notes acquired pursuant to the Convertible Agreement.  *See* **Exhibit 1**, Section 7.

14.     On or about November 12, 2019, and in accordance with the Convertible Agreement, and in exchange for value received, Key Digital executed and delivered to HK Corenex the Convertible Note under which Key Digital promised to pay HK Corenex the principal sum of two million dollars ($2,000,000.00), or "such lesser amount as is actually paid" by HK Corenex to Key Digital. *See* **Exhibit 2**, p. 1.

15.     In total, HK Corenex delivered one million two-hundred thousand dollars ($1,200,000.00) in cash and six hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($699,968.23) in trade credits to Key Digital for the Convertible Note (the "Investment Amount").  The total Investment Amount was thus one million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23).

16.     The trade credits were used to acquire goods and products from HK Corenex's affiliate, non-party Tonlyware Technology Co., Ltd. ("Tonlyware").

17.     Interest on the Investment Amount delivered under the Convertible Note accrued at an interest rate of two and twelve one-hundredths percent (2.12%) prior to the Repayment Commencement Date and five percent (5%) from the Repayment Commencement Date.  *See* **Exhibit 2**, Section 2.

18.     Interest and payment of the Convertible Note was to be paid "on a sixty (60) month amortization schedule with the final payment of principal and interest due on the fifth anniversary of the Repayment Commencement Date…with the first payment due on the Repayment Commencement Date." *See* **Exhibit 2**, Section 3.  However, any outstanding principal and interest balance owed on the Convertible Note was to be paid in full upon in the event of a defined Liquidity Event or Dissolution Event.  *Id*., *see also* Sections 5.1 and 5.2.

19.     By letter dated March 22, 2022, HK Corenex notified Key Digital that HK Corenex would not exercise its rights under the Convertible Note to convert the Convertible Note to equity in Key Digital or any newly formed company set up by Key Digital to assume or acquire Key Digital's assets (the "Repayment Notice").  A true and correct copy of the Repayment Notice is attached as **Exhibit 3**.

20.     In accordance with the Convertible Agreement and Convertible Note, the Repayment Notice designated the Repayment Commencement Date as the "10th natural day from the date [the Repayment Notice]" was sent to Key Digital, or April 1, 2022.  *See* **Exhibit 3**.

21.     Key Digital ignored the Repayment Notice.  To date, Key Digital has not made a single payment on the Convertible Note to HK Corenex.  Key Digital's failure to make any installment payments due under the Convertible Note constitutes a default under the Convertible Note.

22.     Section 6.1.4 of the Convertible Note defines an Event of Default to include "The breach by Company…[of] any of its representations, warranties, covenants or obligations under any of this Note or the Note Purchase Agreement, which breach, to the extent curable, is not cured within ten (10) days after the non-defaulting party provides written notice to the defaulting party of such breach."  *See* **Exhibit 2**, Section 6.1.4.

23.     On January 31, 2023, HK Corenex issued an Event of Default Notice to Key Digital pursuant to Section 6 of the Convertible Note to notify Key Digital of its failure to perform its payment obligations under the Convertible Note.  A true and correct copy of the Event of Default Notice is attached as **Exhibit 4**.

24.     To date, Key Digital has failed to cure its default under the Convertible Note.   As a result of Key Digital's failure to cure its default, by letter dated February 23, 2023, HK Corenex

issued written notice to Key Digital declaring all amounts outstanding under the Convertible Note to have fully matured and immediately payable (the "Acceleration Notice"). A true and correct copy of the Acceleration Notice is attached as **Exhibit 5**; *see also* **Exhibit 4**, Section 6.2.

25.    Pursuant to Section 6.3 of the Convertible Note, Key Digital is liable for and HK Corenex is entitled to recover from Key Digital all "reasonable costs, fees and expenses…including reasonable attorneys' fees" incurred as a result of Key Digital's default under the Convertible Note. *See* **Exhibit 2**, Section 6.3.

26.    To date, and despite numerous demands and opportunities to cure its default, Key Digital has failed to pay any of the amounts due under the Convertible Note.

### FIRST CAUSE OF ACTION
**Breach of Contract**

27.    HK Corenex repeats and realleges the allegations contained in Paragraphs 1 through 26 herein with the same force and effect as if fully set forth herein.

28.    HK Corenex has complied with its obligations under the Convertible Agreement and Convertible Note in full.

29.    In accordance with the terms of the Convertible Agreement and Convertible Note, HK Corenex acquired the Convertible Note for one million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23) in cash and trade credits.

30.    HK Corenex duly declined its option to convert the Convertible Note to equity and properly designated April 1, 2022, as the Repayment Commencement Date.

31.    Despite complying with all its duties and obligations under the Convertible Agreement and Convertible Note, Key Digital has failed to perform any of its duties and obligations.  Key Digital's total failure to make any payments owed under the Convertible Note constitutes a default in payment.

32. Key Digital's further failure to cure its default after receipt of the Repayment Notice, Event of Default Notice and Acceleration Notice entitles HK Corenex to accelerate the maturity date of the Convertible Note.

33. As a result of Key Digital's total failure to perform its obligations under the Convertible Agreement and Convertible Note, HK Corenex has suffered incredible financial harm and damages in an amount to be determined at trial, but in any event no less than one million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23), plus interest and recoverable fees and costs, including attorneys' fees.

## SECOND CAUSE OF ACTION
### In the alternative, Unjust Enrichment

34. HK Corenex realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 33 as if fully repeated and set forth herein.

35. Key Digital received from HK Corenex the benefits of cash and trade credits totaling one million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23).

36. Key Digital used HK Corenex's cash to prop up its failing business and used the trade credits to obtain products and goods from HK Corenex's affiliate, Tonlyware.

37. Key Digital has been unjustly enriched by its misappropriation of the benefits extended to it by HK Corenex, including any profits or assets acquired through cash and trade credits received from HK Corenex.

38. It would be against equity and good conscience to permit Key Digital to retain what it has misappropriated from HK Corenex.

39. As a direct and proximate result of Key Digital's unjust enrichment, HK Corenex has been damaged in an amount to be determined at trial but presently believed to be in excess one

million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23).

      **WHEREFORE**, Plaintiff Hongkong Corenex Technology Co., Limited respectfully requests that the Court enter a judgment in its favor and as against Defendant Key Digital Systems, Inc., as follows:

A.     Compensatory damages;

B.     Prejudgment and post-judgment interest;

C.     Total damages in an amount to be determined at trial but presently believed to be in excess of one million eight hundred ninety-nine thousand nine hundred sixty-eight dollars and twenty-three cents ($1,899,968.23);

D.     Attorneys' fees and costs; and

E.     Such other and further relief as the Court deems just and appropriate.

Dates: New York, New York
February 24, 2023

                          **MEISTER SEELIG & FEIN PLLC**

                          By:/s/ Austin D. Kim
                              Austin D. Kim
                              125 Park Avenue, 7th Floor
                              New York, NY 10017
                              Tel: (212) 655-3500
                              Email: adk@msf-law.com

                              *Attorneys for Plaintiff*